**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | |
|---|---|
| ANDRE TAYLOR,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FCI JESUP,<br><br>Respondent. | CIVIL ACTION NO.: 2:25-cv-103 |

**REPORT AND RECOMMENDATION**

Petitioner Andre Taylor ("Taylor"), who is incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Doc. 1. Respondent filed a Motion to Dismiss, and Taylor filed a Response. Docs. 11, 12. For the following reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DENY** Taylor's Petition, **DIRECT** the Clerk of Court to close this case and enter the appropriate judgment of dismissal, and **DENY** Taylor *in forma pauperis* status on appeal.

**BACKGROUND**

Taylor was convicted in the District Court for the Western District of Missouri of: conspiracy to distribute 1,000 kilograms or more of marijuana and 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and 851; aiding and abetting the distribution of cocaine, in violation of 18 U.S.C. § 841(a)(1), (b)(1)(C); and conspiracy to commit murder for hire, in violation of 18 U.S.C. § 1958. Doc. 11-1 at 7; Amended J., United States v. Taylor, Case No. 12-00291-01-CR (W.D. Mo. Oct. 14, 2020), ECF No. 1044. Taylor was sentenced to 300 months in prison, as amended. Id. at ECF No. 1044 (amended judgment

reflected Taylor's 18 U.S.C. § 924(c) conviction was not included). He has a projected release date of March 31, 2034, via conduct time release. Doc. 11-1 at 7.

## DISCUSSION

In his Petition, Taylor asserts his Unit Team has erred in assigning him three points for an alleged escape, even though there was no finding of guilt. Doc. 1 at 2–3. Taylor contends this assignment has resulted in him being unable to lower his custody classification and prevented his transfer to a lower security facility. Id. at 2. Taylor asks the Court to order the Bureau of Prisons ("BOP") to remove this erroneous designation and correct his sentence computation. Id. at 4.

Respondent moves to dismiss Taylor's Petition because petitioners cannot raise challenges to security designations in a § 2241 petition. Doc. 11 at 6. In addition, Respondent states that Taylor still would be in the same security classification even if the three points for escape were removed. Id. Taylor filed a Response in opposition, but the Response consists of a single page largely reiterating Taylor's position in the case without citation to legal authority. Doc. 12.

### I. Taylor Cannot Challenge His Security Classification Under § 2241

A petitioner can use the writ of habeas corpus to challenge "the fact or duration of . . . physical confinement itself" or the execution of the sentence itself. Preiser v. Rodriguez, 411 U.S. 475, 498 (1973); Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008). In contrast, when prisoners bring actions to challenge the circumstances of their confinement, these are civil actions, not habeas corpus actions. See, e.g., Hill v. McDonough, 547 U.S. 573, 579 (2006); Gorrell v. Hastings, 541 F. App'x 943, 945 (11th Cir. 2013); cf. see, e.g., Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994)

(noting that if a prisoner's claim, if successful, could shorten or invalidate a term of imprisonment, the claim sounds in habeas). "Claims challenging the fact or duration of a sentence fall within the 'core' of habeas corpus, while claims challenging the conditions of confinement fall outside of habeas corpus law." Vaz v. Skinner, 634 F. App'x 778, 780 (11th Cir. 2015).

This Court has recognized that the Eleventh Circuit Court of Appeals has not, in a published opinion, "settl[ed] the question of whether a petitioner can successfully challenge his PSF designation via a § 2241 habeas petition." Reyes v. Warden, FCI Jesup, Civil Action No.: 2:24-cv-107, 2025 WL 2463765, at *1 (S.D. Ga. July 25, 2025). However, this Court also recognizes that courts within this Circuit "typically [have] not allowed a petitioner to use § 2241 to challenge" PSF designations. Id.; see also Sampson v. Flournoy, Civil Action No.: 2:17-cv-109, 2018 WL 3245070, at *2 (S.D. Ga. July 3, 2018) (finding PSF of greatest severity could not be challenged through § 2241 because petitioner not seeking release and noting this Court's and other courts' changes in positions); cf. Sutton v. Warden, FCI Aliceville, Case No. 7:25-cv-00954, 2026 WL 743500, at *4–5 (N.D. Ala. Jan. 23, 2026) (recognizing case law "differs" on whether claims relating to security classification scores can be brought as § 2241 petitioner or as civil rights actions but declining to "wad[e] into the . . . conflict" because petitioner already was at the lowest security level), adopted, 2026 WL 739149 (N.D. Ala. Mar. 16, 2026); but see Herrera v. Johns, Civil Action No. CV 513-031, 2013 WL 5574455, at *1 n.1 (S.D. Ga. Oct. 8, 2013) (finding a petitioner can challenge security classification or place of confinement via § 2241).

In Boyce v. Ashcroft, the Tenth Circuit Court of Appeals stated:

> Prisoners who raise constitutional challenges to other prison decisions—including transfers to administrative segregation, exclusion from prison programs, or

> suspension of privileges, e.g., conditions of confinement, must proceed" with a civil rights lawsuit. If a petitioner is not seeking immediate or early release from custody and is instead seeking to have his PSF removed so he will be eligible for programs which could reduce his sentence or the place he serves his sentence, he has not alleged a favorable determination would automatically entitle him to a speedier release from custody. Thus, the proper vehicle for raising his claims would be a civil rights suit. Id. at 914 ("Prisoners who raise constitutional challenges to other prison decisions—including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, e.g., conditions of confinement, must proceed" with a civil rights lawsuit.

251 F.3d 911, 914 (10th Cir. 2001) vacated as moot, 268 F.3d 953 (10th Cir. 2001); see also Hribick v. Warden Fort Dix FCI, 695 F. App'x 25 (3d Cir. 2017) (affirming dismissal of habeas claim regarding "greatest severity" classification, which petitioner claimed prevented him from transferring to a prison camp, because the claim was not cognizable under § 2241, as it was not a challenge to the fact or duration on his imprisonment); Pawlick v. Maiorana, 687 F. App'x 421, 422 (5th Cir. 2017) (affirming district court's dismissal of § 2241 petition by which petitioner sought to challenge his PSF based on allegedly erroneous statements in his presentence report); Guidry v. Warden FCI Talladega, Case No. 1:18-cv-941, 2020 WL 1237961, at *2 (N.D. Ala. Feb. 4, 2020) ("Put simply, the petitioner's challenge to his classification [of greatest severity] fails to raise a claim cognizable in a § 2241 petition."), report and recommendation adopted, 2020 WL 1235724 (N.D. Ala. Mar. 12, 2020); see also Garner v. Stalhood, No. 2:24-cv-00209, 2025 WL 549998, at *1 (E.D. Ark. Feb. 28, 2025) (concluding petitioner did not present cognizable § 2241 claim where granting his request to remove his PSF would impact programs available to him and where he might serve the remainder of his sentence, not impact the duration of his confinement).

In light of this conflicting authority, and absent any on-point controlling authority, I conclude most PSF challenges cannot be raised in a § 2241 petition because a favorable ruling will have no impact on the fact or duration of the challenger's incarceration. In most instances, a

"bright-line rule" will resolve the issue. Indeed, in this case, such a bright-line rule resolves the issue: despite Taylor's characterization in his Response, his challenge to his PSF designation of escape is a challenge to the conditions of his confinement. Taylor seeks to have three points for escape removed from his security classification calculation so that he can transfer to a lower security facility. Doc. 1 at 3; Doc. 12 at 1. Taylor does not seek to be released to home confinement or to otherwise be released from confinement. See Beckford v. Warden, FCI Jesup, Civil Action No.: 2:22-cv-27, 2023 WL 2414871, at *3 (S.D. Ga. Feb. 15, 2023) (noting petitioner's challenge regarding errors in his PSF and pre-sentence investigation report resulted in the inability to be released to home confinement is cognizable under § 2241 because release to home confinement impacted the fact or duration of his detention). Taylor, thus, cannot proceed with his particular challenge to his security classification designation under § 2241. The Court should grant this portion of Respondent's Motion and deny Taylor's Petition.

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Taylor leave to appeal *in forma pauperis*. Though Taylor has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual

allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Given the above analysis of the filings in this case, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DENY** Taylor's § 2241 Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Taylor leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 17th day of August, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA